**LAW OFFICES OF TISHA ADAMS, LLC**
Tisha N. Adams, Esq., Atty. ID# 027262001
17 Academy St., Ste. 608
Newark, NJ 07102
(973) 645-1145
Advocating4U@LawOfficesofTishaAdamsLLC.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

| | | |
|---|---|---|
| JUDITH HENRY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| ESSEX COUNTY, DETECTIVE | : | DOCKET NO.: 2:20-cv-11159 (KSH)(CLW) |
| LEONARD JACKSON, in his individual | : | |
| and official capacity, DETECTIVE | : | |
| DIANE MUNOZ, in her individual and | : | |
| official capacity, SHERIFF OFFICER | : | |
| JOSEPH DENEQUOLO, in his individual | : | |
| and official capacity, SHERIFF OFFICER | : | |
| JANICE GUY, in her individual and official | : | THIRD AMENDED COMPLAINT |
| capacity, SHERIFF OFFICER | : | |
| NAIMAH MARROW, in his individual and | : | |
| official capacity, SHERIFF OFFICER | : | |
| JEREMY PEREZ, in his individual and | : | |
| official capacity, CAPTAIN GARY NASH, | : | |
| in his individual and official capacity, | : | |
| WARDEN TIMOTHY MATTHEW BETTI, | : | |
| in his individual and official capacity, | : | |
| LIEUTENANT JAY RUANE, in his | : | |
| individual and official capacity, OFFICER | : | |
| KATE DIPIETRO, in her individual and | : | |
| official capacity, OFFICER GARY LOKE, | : | |
| in his individual and official capacity, | : | |
| AMY LAURIA, in her individual and | : | |
| official capacity, LAUREN BIEBER, | : | |
| in her individual and official capacity, | : | |
| LACKAWANNA COUNTY PRISON, | : | |
| CAPTAIN SAVAGE, in his individual and | : | |
| official capacity, LIEUTENANT BECKLEY, | : | |

in her individual and official capacity,          :
DENISE WOOD, in her individual and                :
official capacity, JAN LAMPER, in her             :
her individual and official capacity,             :
TIMOTHY B. RIEGLE, in his individual              :
and official capacity, DOUGLAS LONG, in :
his individual and official capacity,             :
ELIZABETH COOPER, in her individual               :
and official capacity, KELLI WINTER, LPN:
in her individual and official capacity,          :
KRISTIN ZIERLE LYNN, RN, in her                   :
individual and official capacity,                 :
MARGARET E. THOMPSON, in her                      :
individual and official capacity,                 :
OFFICER EULETIA LYNN, in her                      :
individual and official capacity,                 :
INVESTIGATOR GARY DUNCAN,                         :
in his individual and official capacity,          :
SUPERVISORY DEPUTY                                :
JERRY SANSERINO, in his individual                :
and official capacity, DEPUTY                     :
ANTHONY ROSSI, in his individual and              :
official capacity, ASSISTANT CHIEF                :
DEPUTY PEDRO ALVAREZ, in his                      :
individual and official capacity,                 :
DENISE R. RAHAMAN,  in her individual  :
and official capacity, DR. SALADIN                :
ABDU NAFI, in his individual and official  :
capacity, JAMES NEAL, MD, in his                  :
individual and official capacity, and             :
LIONEL ANICETTE, MD, in his individual :
and official capacity,                            :
                                                  :
    Defendants.              :
                                                  :
    and                      :
                                                  :
County of Essex,                                  :
                                                  :
    Defendant/Third Party Plaintiff,  :
                                                  :
    v.                       :
                                                  :
CFG Health Systems, LLC and John Doe              :
Doctors, John Doe Nurses and John Doe             :
Employees,                                        :

2

|   | : |
| Third Party defendants. | : |
| _____ | : |

Plaintiff Judith Henry, by way of Complaint against defendants, say:

**JURISDICTION**

This Court has jurisdiction over the subject matter of this action pursuant to

28 U.S.C. §1331 (federal question) and §1343 (civil rights).  At all times relevant to this action,

Defendants have acted under color of state law.

**VENUE**

Venue properly lies in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because

defendant Essex County has its principal place of business in Newark, New Jersey, and

defendant Officer Leonard Jackson is employed by the Essex County Sheriff's Office and is a

member of the United States Marshals Service Federal Task Force.  Defendants Supervisory

Deputy Jerry Sanseverino, investigatory Gary Duncan, Deputy Anthony Rossi, and Chief Deputy

Pedro Alvarez are employed with the United States Marshals Service, a federal law enforcement

agency with a district office located in Newark, New Jersey, and defendant Task Force Officer

Euletia Lynn is Newark Police Officer and member of the United States Marshals Service

Federal Task Force.  Third-party defendants CFG Health Systems, LLC has its principal place of

business in Marlton, New Jersey and a substantial part of the events giving rise to the claim

occurred in Newark, New Jersey.

## PARTIES

1.     Plaintiff Judith Henry resides in Newark, New Jersey.

2.     Defendant Essex County is a government agency located at 465 Dr. Martin Luther King, Jr. Boulevard, Newark, New Jersey, 07102.

3.     Defendant Regional Fugitive Task Force Officer Leonard Jackson is employed by the Essex County Sheriff's Office and is a member of the United States Marshals Service Regional Fugitive Task Force.

4.     Defendant Detective Diane Munoz, Defendant Sheriff Officer Joseph Denequdo, Defendant Sheriff Officer Janice Guy, and Defendant Captain Gary Nash is an employee of the Essex County Sheriff's Office.

5.     Defendant Narvin Sign is employed by the Essex County Prosecutor's Office Extradition Unit.

6.     Defendants Jerry Sanseverino, Deputy U.S. Marshal Anthony Rossi, and Assistant Chief Deputy U.S. Marshal Pedro Alvarez, and investigatory Gary Duncan are employees of the United States Marshal  Service in the District of New Jersey with an office located at 50 Walnut Street, Suite 2009, Newark, NJ 07102.

7.     Defendant Regional Fugitive Task Force Officer Euletia Lynn is an employee with the Newark Police Department and is a member of the United States Marshals Service Regional Fugitive Task Force.

8.     Defendant Timothy Matthew Betti, Warden of Lackawanna County Prison is a county prison located at 1371 North Washington Avenue, Scranton, Pennsylvania, 18509.

9.     Defendant Kate Dipietro, Gary Loke, Michael Carroll, Lieutenant Jay Ruane, and

Amy Liuara are employees at Lackawanna County Prison located at 1371 North Washington Avenue, Scranton, Pennsylvania, 18509.

10.     Defendant Director Margaret E. Thompson is the Director of Pennsylvania Interstate Parole Services located at 11-1 South Front Street, Suite 5800, Harrisburg, Pennsylvania, 17104-2538.

11.     Defendant Denise Wood is the records administrator at Pennsylvania Department of Corrections, a government agency located at 1920 Technology Parkway, Mechanicburg, Pennsylvania, 17050.

12.     Defendant Timothy B. Riegle is a parole staff technician at Interstate Parole Services at the Pennsylvania Board of Probation and Parole located at 1101 S. Front Street, Suite 5800, Harrisburg, PA 17104-2517.

13.     Defendant Jan Lamper is the Corrections Records Supervisor at Department of Correction SCI Muncy.

14.     Defendants Elizabeth Cooper, Captain Savage, and Lieutenant Beckley are employees at the State Correction Institution at Muncy.

15.     Defendants Kelli Winter, LPN and Kristin Zierle Lynn, RN are employed as nurses at the State Correctional Institution at Muncy.

16.     Third-party defendants CFG Health Systems, LLC has its principal place of business in Marlton, New Jersey and is the employer of defendant Denise R. Rahaman, the Executive Director of Corrections, and the former employer of Dr. Saladin Abdu Nafi.

5

## BACKGROUND

17.     Defendant Margaret E. Thompson, Director of Pennsylvania Interstate Parole Services issued a warrant for the arrest of a parolee named Judith Maureen Henry was issued on July 29, 2019, for a parole violation, by the Director of the Pennsylvania Interstate Parole Services.

18.     Defendant Timothy B. Riegle, a parole staff technician with the Pennsylvania Board of Probation and Parole forwarded the warrant for the arrest of the parolee to Essex County, New Jersey.  Defendant Riegle performed a search for Judith Henry which produced different addresses.  Defendant selected the Newark address and obtained a photograph of Ms. Henry that appears on her current driver's license  and attached it to the warrant for arrest.

19.     On August 22, 2019 at approximately 7:00 a.m., Essex County Sheriff Officer and Federal Task Force Officer Leonard Jackson, Newark Police and Federal Task Force Officer Euletia Lynn, several other Essex County Sheriff Officers and members of the United States Marshals Service (U.S. Marshals Service) entered the home of Judith Henry with their guns drawn.

20.     Judith Henry was arrested, taken into custody, and placed in the back of a police truck.  There appeared to be approximately twelve police cars outside her home.  The officers drove to a second location to pick up an alleged fugitive by the name of Rosario who was wanted in North Carolina.  Ms. Henry was incarcerated at the Essex County Correctional Facility from August 22, 2019 through September 1, 2019.

21.     An Essex County Sheriff Arrest Report states that on August 22, 2019, defendant Detective Leonard Jackson arrested Ms. Henry and performed a record check; defendant Detective Diane Munoz conducted a search upon Ms. Henry's person; Sheriff Officer Joseph

6

Denequolo fingerprinted Ms. Henry; and defendant Captain Gary Nash approved the Arrest Report.

22.     Pursuant to a the NJ County Correction Information System, on August 22, 2019, Officer Janice Guy assigned Ms. Henry cell 002, bed 9 at defendant Essex County's Correctional Facility.

23.     During intake on August 22, 2019, Ms. Henry informed defendant CFG Health Systems, LLC employees Lionel Anicette, MD, the medical director, and Tanasha Blackshear, LPN, that she uses the following medications: Topamax, hydrochlorothiazide, Coreg.

24.     CFG Health Systems LLC employee Saladin Abdu Nafi removed the medication of Ibuprofen 800 mg from Ms. Henry's medical chart on August 22, 2019.

25.     On August 23, 2019, Narvin Singh of the Essex County Prosecutor's Office Extradition Unit forwarded a facsimile notification to Defendant Timothy B. Riegle advising that the PA DOC has until 9/3/19 (10) days to take custody of Ms. Judith Henry.

26.     On August 25, 2019, defendant CFG Health Systems LLC prior employee Happiness Ahamefule, RN, aka Happpiness Illechukwu, RN, triaged Ms. Henry's sick call request and scheduled Ms. Henry for a nursing sick call.  On August 26, 2019, Happiness Ahamefule, RN, aka Happpiness Illechukwu, RN wrote "medical" next to the term "disposition" on the medical chart of Ms. Henry.

27.     On August 27, 2019, defendant Timothy B. Riegle issued a transport order to Security Transport to pick up Ms. Henry and from defendant Essex County Jail and to transport her to State Correctional Institution at Muncy.  Defendant Narvin Singh was notified of the transport order.

28.     On August 28, 2019 Marie Souffrant, RN, noted in Ms. Henry's medical records,

"Md to be made aware for ibuprofen order" and "Plan np Ojelade to be flagged for ibuprofen order.

29.     James Neal, MD, CFGHS Statewide Medical Director, Denise R. Rahaman, CFGHS Executive Director of Corrections, Lionel Anicette, MD, Medical Director at ECCF failed to supervise Keyonah Walker, LPN, Tracie Jean-Francois, LPN, Linda McGranahan, LPN, Silvia Maggio, LPN, Mary Pinkrah, RN, Ayodele Akinola, LPN, Michelle Ashford, LPN, Maduka Ibeabuchi, LPN, Jawanda Hobbs, LPN and failed to have medical safety protocol and procedures in place to verify the chain of custody demonstrating that after Keyonah Walker, LPN, Tracie Jean-Francois, LPN, Linda McGranahan, LPN, Silvia Maggio, LPN, Mary Pinkrah, RN, Ayodele Akinola, LPN, Michelle Ashford, LPN, Maduka Ibeabuchi, LPN, Jawanda Hobbs, LPN allegedly accessed the hydrochlorothiazide, and or Coreg, and or Topamax that Keyonah Walker, LPN, Tracie Jean-Francois, LPN, Linda McGranahan, LPN, Silvia Maggio, LPN, Mary Pinkrah, RN, Ayodele Akinola, LPN, Michelle Ashford, LPN, Maduka Ibeabuchi, LPN, Jawanda Hobbs, LPN distributed the medication daily to Ms. Henry.

30.     James Neal, MD, CFGHS Statewide Medical Director, Denise R. Rahaman, CFGHS Executive Director of Corrections, Lionel Anicette, MD, Medical Director at ECCF failed to train Defendant CFG Health Systems LLC's employees Keyonah Walker, LPN, Tracie Jean-Francois, LPN, Linda McGranahan, LPN, Silvia Maggio, LPN, Mary Pinkrah, RN, Ayodele Akinola, LPN, Michelle Ashford, LPN, Maduka Ibeabuchi, LPN, Jawanda Hobbs, LPN regarding medical safety protocol and procedures in verifying the chain of custody demonstrating that after Keyonah Walker, LPN, Tracie Jean-Francois, LPN, Linda McGranahan, LPN, Silvia Maggio, LPN, Mary Pinkrah, RN, Ayodele Akinola, LPN, Michelle Ashford, LPN, Maduka Ibeabuchi, LPN, Jawanda Hobbs, LPN allegedly accessed the hydrochlorothiazide, and

or Coreg, and or Topamax that Keyonah Walker, LPN, Tracie Jean-Francois, LPN, Linda McGranahan, LPN, Silvia Maggio, LPN, Mary Pinkrah, RN, Ayodele Akinola, LPN, Michelle Ashford, LPN, Maduka Ibeabuchi, LPN, Jawanda Hobbs, LPN distributed medication daily to Ms. Henry.

31.     Defendant Timothy B. Riegle arrangd for the transportation service STS to transport Ms. Henry to the State Correctional Institution at Muncy.

32.     On approximately September 1, 2019, Judith Henry was taken to Lackawanna County Prison in Scranton, Pennsylvania where she was held for one day.

33.     The next morning, September 2, 2019, Ms. Henry was transported to the State Correctional Institution at Muncy which is located in Muncy, Pennsylvania.

34.     Ms. Henry was held in the State Correction Institution at Muncy for approximately three days.  Captain Savage and Lieutenant Berkley received fingerprints of the woman wanted in Pennsylvania and determined that Ms. Judith Henry was not the same as the woman who's fingerprints Captain Savage and Lieutenant Berkley received.

35.     Ms. Henry was fingerprinted approximately four times; once at the Essex County Sheriff's Office, once at Essex County Jail, once at Defendant Lackawanna County Prison and each entity was negligent by failing to compare her fingerprints to the fugitive wanted pursuant to the warrant.  Ms. Henry arrived at the State Correctional Institution at Muncy on Labor Day and was fingerprinted the next business day by Elizabeth Cooper and was told her fingerprints did not match any of the fingerprints currently in Muncy's system.

36.     Ms. Henry has suffered both physically and emotionally from the unlawful arrest, detention, and deprivation of rights.

37.     Ms. Henry was held in custody without the benefit of her three prescribed medicines for her blood pressure.  Ms. Henry also suffered from claustrophobia and as a consequence of this ordeal, she has suffered anxiety and post-traumatic stress disorder.

38.     On approximately September 5, 2019, Ms. Henry was released from the State Correctional Institution at Muncy, provided twenty dollars ($20.00) for food and a bus ticket from Willamsport, Pennsylvania to Newark Penn Station in Newark, New Jersey.

## FIRST COUNT
### Abuse of Process

39.     Plaintiff repeats the allegations of the preceding paragraphs as if set forth at length herein.

40.     Defendant Margaret E. Thompson, Director of Interstate Parole Services issued a warrant for the arrest, detention and extradition of a Judith Maureen Henry.

41.     Defendant Timothy B. Riegle is a parole staff technician at Interstate Parole Services at the Pennsylvania Board of Probation and Parole and sent the warrant to Essex County, New Jersey without reviewing physical descriptions, date of birth, FBI number, fingerprint card, and immigration detainer of the individual whom he initially sought to arrest, detain and extradite.  Defendant Riegle failed to contact Don Young who had information about Ms. Henry and the individual he initially sought since the year 2000.

42.     Essex County Detective and US Marshals Service Federal Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn, and defendants, defendant Detective Diane Munoz, defendant Sheriff Officer Joseph Denequolo, Officer Janice Guy, and Officer Naimah Marrow's arrest and detention of Ms. Judith Henry was neither warranted nor authorized by law.

43.     Essex County Detective and US Marshals Service Federal Task Force Officer

10

Leonard Jackson, defendant Newark Officer and US Marshals Service Federal Task Force Officer Euletia Lynn, defendant Detective Diane Munoz, defendant Sheriff Officer Joseph Denequolo, defendant Janice Guy, and Officer Naimah Marrow engaged in a conspiracy to arrest and detain Ms. Henry and transport Ms. Henry to the State of Pennsylvania without due process.

44.    Defendants sought notoriety and Essex County Detective Leonard Jackson, US Marshals Service Federal Task Force Officer Euletia Lynn and defendant Detective Diane Munoz, defendant Sheriff Officer Joseph Denequolo, defendant Janice Guy, and Officer Naimah Marrow sought to obtain career advancement by means of that notoriety by arresting and detaining Ms. Judith Henry.

45.    Defendants, Essex County Detective Leonard Jackson, US Marshals Service Federal Task Force Officer Euletia Lynn, defendant Essex County Detective Diane Munoz, defendant Essex County Sheriff Officer Joseph Denequolo, defendant Essex County Sheriff Officer Janice Guy and Officer Naimah Marrow misued the legal procedure in a manner not contemplated by law and invoked the legal process to obtain career advancement by means of public and political notoriety.

46.    Defendants, Essex County Detective Leonard Jackson, US Marshals Service Federal Task Force Officer Euletia Lynn, Essex County Detective Diane Munoz, Essex County Sheriff Officer Joseph Denequolo, Essex County Sheriff Officer Janice Guy and Officer Naimah Marrow made an improper, illegal, and perverted use of the legal process to obtain career advancement.

47.    Defendants, Essex County Detective Leonard Jackson, US Marshals Service Federal Task Force Officer Euletia Lynn, Essex County Detective Diane Munoz, Essex County Sheriff Officer Joseph Denequolo, Essex County Sheriff Officer Janice Guy and Narvin Singh,

of the Essex County Prosecutors Office Extradition Unit, discussed and planned the apprehension, arrest, detention and transport of Judith Henry to prison in New Jersey and Pennsylvania.

48.     On multiple occasions, defendants, Essex County Detective Leonard Jackson, US Marshals Service Federal Task Force Officer Euletia Lynn Essex County Sheriff Officer Joseph Denequolo, Essex County Detective Diane Munoz, Essex County Sheriff Officer Janice Guy, Officer Naimah Marrow, and Narvin Singh completed paperwork, photographed and fingerprinted Ms. Henry so that she could be arrested, detained, and transported to prison in New Jersey and Pennsylvania.

49.     Defendants, Essex County Detective Leonard Jackson, US Marshals Service Federal Task Force Officer Euletia Lynn Essex County Sheriff Officer Joseph  Denequolo, Essex County Detective Diane Munoz, Essex County Sheriff Officer Janice Guy, Officer Naimah Marrow, defendant Task Force Officer Euletia Lynn, defendant Supervisory Deputy Jerry Sanseverino, Anthony Rossi, and Pedro Alvarez, abused the legal process and failed to present Ms. Henry to a judge for legal due process, failed to check the fingerprints, photograph, and other personal identifiers of the sought after fugitive  with those of the plaintiff prior to her apprehension and arrest in Newark.

50.     Defendant Narvin Singh of the Essex County Prosecutors Office Extradition Unit sent a fax to Tim stating that Essex County will honor the presigned waiver of extradition by the fugitive sought by Tim.  Narvin Singh attached plaintiff's name, Judith Maureen Henry to the fax with a date of birth that was not the plaintiff.  Singh failed to verify the information in the warrant with the personal identifying information of the Judith Maureen Henry arrested in Newark.  These failures caused Ms. Henry harm with regard to her life and liberty.

12

WHEREFORE, plaintiff demands judgment against defendants for nominal, compensatory and punitive damages, interest, counsel fees, costs of suit, and such other relief as the Court deems equitable and just.

### SECOND COUNT
**False Arrest and False Imprisonment**
**New Jersey Tort Claims Act <u>N.J.S.A.</u> 59:1-1 et seq.,**
**New Jersey Civil Rights Act <u>N.J.S.A.</u> 10:62 et seq.,**
**and 42 U.S.C. §1983**

51.     Plaintiff repeats the allegations of the preceding paragraphs and in their entirety as if set forth at length herein.

52.     In violation of her rights under the Fourth and Fourteenth Amendment of the U.S. Constitution and in violation of the Constitution of the State of New Jersey, Judith Henry was arrested against her will and without probable cause by defendant U.S. Marshal Service, Essex County Detective Leonard Jackson, US Marshals Service Federal Task Force Officer Euletia Lynn, defendant Detective Diane Munoz, defendant Sheriff Officer Joseph Denequolo, Janice Guy, and Naimah Marrow, are employed by defendant Essex County Sheriff's Office and were working within the scope of their employment and under color of law.

53.     Despite repeated protests of innocence, Judith Henry was unlawfully detained in the Essex County Jail with the assistance of Essex County Detective Leonard Jackson, US Marshals Service Federal Task Force Officer Euletia Lynn, defendant Essex County Detective Diane Munoz, defendant Essex County Sheriff Officer Joseph Denequolo, Essex County Sheriff Officer Janice Guy, Narvin Officer Naimah Marrow, Singh of the Essex County Prosecutor Office, Defendants Jerry Sanseverino, Deputy U.S. Marshal Anthony Rossi, and Assistant

Chief Deputy U.S. Marshal Pedro Alvarez, and investigatory Gary Duncan CFG Health Systems, LLC staff Happiness C. Llechukwu and Mrs. Martinez from approximately August 22, 2019 through September 1, 2019.

54.    Defendant Essex County's prison guards, and third party defendant CFG Health Systems, LLC, acted under the color of state law and violated plaintiff Judith Henry's Fourteenth Amendment substantive due process right to be free from punishment and to receive adequate medical care.  The failure of defendant Essex County and third party defendant CFG Health Systems, LLC to provide adequate medical care to Ms. Henry is a form of punishment and an unconstitutional deprivation of Ms. Henry's liberty.

55.    Defendants Essex County and third party defendant CFG Health Systems, LLC owed Ms. Henry a duty to provide adequate medical care and defendants Essex County and third party defendant CFG Health Systems breached that duty by failing to perform adequate health screening on intake and refusing to provide prescribed pain medication, causing Ms. Henry to suffer mentally and physically.

56.    Judith Henry was arrested and detained against her will and without probable cause by defendants Timothy Matthew Betti, Lieutenant Jay Ruane, and Officer Kate DiPietro, Lauren Bieber, Michael Carroll, and Amy Lauria are employees of Lackawanna County and were working within the scope of their employment and under color of law.

57.    Despite repeated protests of innocence, Ms. Henry was unlawfully detained in defendant Lackawanna County Prison from approximately September 1, 2019 to September 2, 2019 as a result of the negligence of Lackawanna County Prison employees defendant Timothy Matthew Betti, defendant Lieutenant Jay Ruane, defendant Corrections Officer Kate DiPietro,

defendant Lauren Bieber, defendant Amy Lauria amd Michael Carroll.  Ms. Henry was arrested

against her will and without probable cause by defendants.

58.     Despite repeated protests of innocence, Ms. Henry was unlawfully detained in the

State Correctional Institution at Muncy from approximately September 2, 2019 to

September 5, 2019.  Defendants Captain Savage, Defendant Lieutenant Beckley, Defendant

Elizabeth Cooper, Defendant Margaret E. Thompson, Defendant Timothy B. Riegle, Defendant

Jan Lamper, and Defendant Jan Wood  were working with the scope of their employment and

under color of law and refused to release Ms. Henry on September 3, 2019 after it was

determined that her fingerprints did not match the parolee sought.

59.     Ms. Henry attempted to explain to individual arresting officers and individual

staff members the reasons why she was innocent and how her innocence may be proven,

however, defendants deliberately, willfully, and maliciously disregarded her protests of

innocence, the reasons why she was innocent, and the methods by which her innocence could be

proven because she was assumed guilty merely because of her lower economic status and a black

woman from Jamaica.

60.     Defendant Kelli Winter, LPN and Kristin Zierle Lynn, RN, medical employees of

 State Correctional Institution at Muncy was working with the scope of their employment and

under color of law and violated plaintiff Judith Henry's Fourteenth Amendment substantive due

process right to be free from punishment and to receive adequate medical care.  Defendants

Winter and Lynn failure to provide adequate medical care to Ms. Henry is a form of punishment

and an unconstitutional deprivation of Ms. Henry's liberty.

61.     Defendants Winter and  Lynn owed Ms. Henry a duty to provide adequate medical care and defendants breached that duty by failing to perform adequate health screening on intake and refusing to provide prescribed pain medication, causing Ms. Henry to suffer mentally and physically.

WHEREFORE, plaintiff demands judgment against defendants for nominal, compensatory and punitive damages, interest, counsel fees, costs of suit, and such other relief as the Court deems equitable and just.

### THIRD COUNT
**Intentional Infliction of Emotional Distress**
**42 U.S.C. § 1983**

62.     Plaintiff repeats the allegations of the preceding paragraphs in their entirety as if set forth at length herein.

63.     Defendant Essex County Sheriff Officer and US Marshals Service Federal Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn,  and members of the U.S. Marshal Service, and members of defendant Essex County Sheriff's Office entered into Ms. Henry's home at approximately 7:00 a.m. with their guns drawn and arrested Ms. Henry without probable cause.  After placing Ms. Henry in custody, defendant Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn conducted a pat down search along Ms. Henry's outer garments.

64.     Ms. Henry was unlawfully detained by defendant Essex County for approximately ten (10) days.

65.     The conduct of defendant Essex County Sheriff Officer and US Marshals Service Federal Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn U.S. Marshal Service, and defendant Essex County and its

16

officers was so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.  Ms. Henry was not armed and not a convicted felon.

66.      The decision of defendant Essex County Sheriff Officer and US Marshals Service Federal Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn, members of the U.S. Marshal Service and members of the defendant Essex County Sheriff's Office to enter into Ms. Henry's home at 7:00 a.m. with guns drawn, and to surround her home with approximately twelve police vehicles was a deliberate act committed with the intent to cause emotional distress.

67.      The experience of seeing and having defendant Essex County Sheriff Officers and US Marshals Service Federal Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn U.S. Marshal Service, and other law enforcement officers enter into her home with guns drawn and placing her under arrest caused Ms. Henry severe emotional distress.  Ms. Henry was searched by Essex County Detective Diane Munoz and fingerprinted by Essex County Sheriff Officer Joseph Denequolo, Essex County Sheriff Officer Janice Guy assigned Ms. Henry a cell, and defendant Officer Naimah Marrow conducted an Initial Custody Assessment.  Narvin Singh of the Essex County Prosecutors Office contacted Tim and advised Tim that his agency had ten (10) days to take custody of the plaintiff. and that the plaintiff was being held at the Essex County Correctional Facility.  Ms. Henry experienced anxiety, claustrophobia, high blood pressure and post-traumatic stress disorder.

68.      Ms. Henry further experienced emotional distress when despite protects of innocence and the mistake on behalf of law enforcement, defendant Lackawanna County Prison and its employees defendants Timothy Matthew Betti, Lieutenant Jay Ruane, Corrections Officer

Kate DiPietro, Lauren Bieber, Amy Lauria, and Michael Carroll unlawfully held Ms. Henry in custody for approximately one day, against her will, in violation of her constitutional rights. Ms. Henry was extremely embarrassed, humiliated, demoralized, dehumanized, stressed, and traumatized when she was searched for contraband, strip searched and and her naked body and genital areas were visually inspected by Corrections Officer Kate DiPietro when Ms. Henry was required to bend over and cough.  Ms. Henry experienced extreme humiliation, anxiety, claustrophobia, high blood pressure and post-traumatic stress disorder.

69.     Ms. Henry's emotional distress was amplified when she was unlawfully detained, for a second time, as a result of the warrant issued by defendant Defendant Margaret E. Thompson, Director of Interstate Parole Services and forwarded to Essex County, New Jersey by defendant Timothy B. Riegle resulting in her detention at in the State Correction Institution at Muncy by its employees defendants Captain Savage and Lieutenant Beckley, in violation of her constitutional rights.  Defendant Captain Savage and Lieutenant Beckley failed to use the Live Scan machine to fingerprint Ms. Henry upon arrival.  Defendant Captain Savage and defendant Lieutenant Beckly failed to perform a fingerprint analysis/comparison or request one from law enforcement at the time of Ms. Henry's arrival, and failed to observe and take note of the physical characteristics, identifying scars, distinguishing marks and tattoos, the height difference between the fugitive and Ms. Henry to confirm the individual arrested and detained was the parolee sought.  After Elizabeth Cooper obtained Ms. Henry's fingerprints, defendant Captain Savage and defendant Lieutenant Beckly, and defendant Elizabeth Cooper failed to obtain the finger print card and INS detainer information about the parolee whom Savage, Beckley, and Cooper assumed they detained.  Ms. Henry was checked for lice and had a full body cavity search when she was unlawfully detained at the State Correctional Institution at Muncy.

Ms. Henry experienced extreme humiliation, anxiety, claustrophobia, high blood pressure and post-traumatic stress disorder.

70.     Defendants Margaret E. Thompson, Jan Lamper, Denise Wood, Timothy Riegle refused to approve Ms. Henry's immediate release upon notification that Ms. Henry's fingerprints did not match the parolee.  Interstate Parole Service had information that Ms. Henry was prints did not match and that she was previously arrested under the same circumstances in 2000, yet, Ms. Henry remained at the State Correction Institution at Muncy an additional two days after  Elizabeth Cooper discovered that Ms. Henry's fingerprints did not match the parolee sought, who was incarcerated in 1993.

WHEREFORE, plaintiff demands judgment against defendants for nominal, compensatory and punitive damages, interest, counsel fees, costs of suit, and such other relief as the Court deems equitable and just.

### FOURTH COUNT
**Failure to Supervise and Failure to Train**
**42 U.S.C. §1983**

71.     Plaintiff repeats the allegations of the preceding paragraphs and in their entirety as if set forth at length herein.

72.     Defendants, Essex County Detective and US Marshal Service Federal Task Force Officer Leonard Jackson, Essex County Sheriff Officer Janice Guy, Essex County Detective Diane Munoz, and Essex County Sheriff Officer Joseph Denequolo, defendant Detective Diane Munoz, defendant Sheriff Officer Joseph Denequolo, Newark Police and US Marshals Federal Task Force Officer Euletia Lynn demonstrated negligence with respect to their unlawful arrest and unlawful detention of Ms. Judith Henry in violation of her fourth and fourteenth amendment right to be free from unlawful arrest and the deliberate deprivation of her liberty including but

19

not limited to the right to be free from punishment and to receive adequate medical care by defendants and third party defendant CFG Health Systems, LLC.

73.    Defendant Essex County failed to have a protocol in place for employee Mrs. Martinez to report a matter regarding an unlawful arrest and mistaken identity to an Ombudsman and have the matter investigated.

74.    Defendant Captain Gary Nash of defendant Essex County Sheriff's Office failed to supervise and train Sheriff Officer Leonard Jackson, and Narvin Singh.  Sheriff Officer Leonard Jackson, defendant Sheriff Officer Joseph Denequdo, defendant detective Diane Munoz, and defendant Officer Janice Guy.  Defendant Sheriff Officer Joseph Denequdo and Narvin Singh failed to take the finger prints of Judith Henry to confirm that she was the fugitive parolee. Singh failed to notice that the date of birth on the August 23, 2019 facsimile forwarded to Tim was not the date of birth of the Judith Maureen Henry unlawfully detained at the Essex County Correctional Facility.  Defendant Essex County failed to train defendant Detective Leonard Jackson and Narvin Singh to check NCIC for outstanding warrants, arrests, and identifying scars, marks, and tattoos.

75.    Defendant Essex County failed to train defendant Detective Leonard Jackson Narvin Singh to obtain, match, and store the fingerprints of individuals arrested.

76.    Defendant Captain Gary Nash failed to train defendant Detective Leonard Jackson and Narvin Singh regarding the legal process to arrange an arrested person to appear before a judge subsequent to arrest and detention.

77.    Defendants Supervisory Deputy Jerry Sanseverino, Deputy U.S. Marshal Anthony Rossi, and Assistant Chief Deputy U.S. Marshal Pedro Alvarez, failed to supervise and train investigator Gary Duncan, Task Officer Leonard Jackson, and Task Officer Euletia Lynn to use a

Live Scan machine to fingerprint an individual arrested and detained by the US Marshals Task

Force and to obtain and or confirm facial recognition, and a unique FBI identification number.

78.     Defendants Supervisory Deputy Jerry Sanseverino, Deputy U.S. Marshal Anthony

Rossi, and Assistant Chief Deputy U.S. Marshal Pedro Alvarez, failed to supervise and train

Gary Duncan, Task Officer Leonard Jackson and Task Officer Euletia Lynn to obtain, match, or

store high resolution fingerprints of individuals arrested and or request fingerprint comparison

and analysis information from the US Marshals Service.

79.     Defendants Supervisory Deputy Jerry Sanseverino, Deputy U.S. Marshal Anthony

Rossi, and Assistant Chief Deputy U.S. Marshal Pedro Alvarez, failed to supervise and train

Gary Duncan, Task Officer Leonard Jackson and Task Officer Euletia Lynn to observe and note

physical characteristics of individuals arrested, check fingerprint cards contained in the Justice

Detainee Information System, perform fingerprint analysis and or comparison, and obtain

confirmation that the individual described in a warrant is the same individual arrested.

80.     When requested by Defendant Douglas Long, Mr. Joseph Gillespie, FAST

Coordinator of US Marshal Fugitive Task Force provided a photo, measurements, and

fingerprints of the parolee.  Mr. Gillespie also noted that the Task Force Officer in Newark stated

that Ms. Henry claimed that she was not the parolee at the time of arrest.

81.     Supervisory Deputy Jerry Sanseverino failed to supervise and train Task Officer

Leonard Jackson and Task Officer Euletia Lynn regarding the legal process to arrange an

arrested person to appear before a judge subsequent to arrest and detention.

82.     Defendants Lackawanna County Prison and Timothy Matthew Betti failed to train its employees Lieutenant Jay Ruane, Officer Kate DiPietro, Lauren Bieber, and Amy Lauria, and Michael Carroll, with respect to checking NCIC for outstanding warrants, arrests, and identifying scars, marks, and tattoos.

83.     Defendant Timothy Matthew Betti is the warden at Lackawanna County Prison and oversees the security, general day to day business operations at the prison, and oversees the treatment of inmates at Lackawanna Prison.  Defendant Betti failed to train its employees Lieutenant Jay Ruane, Corrections Officer Kate DiPietro, Lauren Bieber and Amy Lauria and Michael Carroll regarding finger printing individuals to be processed, notwithstanding an individual's presence at Lackawanna on an intermediary transfer basis, inputting fingerprints into the OMS program, comparing fingerprints, and observing physical characteristics of those processed to confirm the physical characteristics stated in the individual's arrest report and NCIC.

84.     Defendants Lackawanna County Prison and Timothy Matthew Betti failed to train its employees Lieutenant Jay Ruane, Corrections Officer Kate DiPietro, Lauren Bieber, Amy Lauria and Michael Carroll to check to determine if the arrested individual is scheduled to appear before a judicial officer or has been recent sentence ordering confinement.

85.     Defendant Margaret E. Thompson, defendant Jan Lamper, defendant Denise Wood, defendant Doug Long failed to properly supervise and train defendant Timothy B. Riegle of the procedures to follow prior to issuing a warrant.  Riegle did not check the fingerprints of the parolee Judith Henry.  Riegle did not perform a fingerprint analysis/comparison or request one from law enforcement.  Riegle did not take note of the physical characteristics, identifying scars, distinguishing marks and tattoos, the height difference between the fugitive and

Ms. Henry, or the birth dates.  Neither Thompson nor Riegle contacted Don Young who had

information about Ms. Henry being previously arrested and misidentified as parolee in year

2000.   Identifying marks on the body of the parolee sought was obtained during an arrest in

Chambersburg, Pennsylvania, the same location where defendant Douglas Long is located.

86.     Defendant Captain Savage failed to train defendant Lieutenant Beckly and

defendant Elizabeth Cooper to use the Live Scan machine to obtain high resolution fingerprints

of detained individuals on arrival.  Defendant Captain Savage failed to train Lieutenant Beckly

and Elizabeith Cooper to perform a fingerprint analysis/comparison or request one from law

enforcement, or to obtain the parolee's fingerprint card and INS detainer information when

confirming an individual's identity whom you have in custody.  Defendants Savage failed to

train defendant Beckly and detective Elizabeth Cooper to observe and take note of the physical

characteristics, identifying scars, distinguishing marks and tattoos, the height difference between

the fugitive and Ms. Henry to confirm that the individual arrested and detained was the parolee

sought.

87.     Third party defendant CFG Health Systems, LLC employee RN Ahamefule

triaged Ms. Henry's August 25, 2019 sick call request and scheduled Ms. Henry for a nursing

sick call.  The medical record fails to indicate the reason for the sick call and the service or

treatment rendered, if any.

88.     Third party defendant CFG Health Systems, LLC employee Saladin Abdu Nafi,

MD indicated in Ms. Henry's medical chart on 08/22/2019, "mental clearance approval for a

halfway house" and declined "medical clearance approval for a halfway house."  Saladin Abdu

Nafi, MD, failed to adequately document Ms. Henry's medical chart regarding this action.

89.     Third party defendant CFG Health Systems, LLC employee Marie Souffrant, RN wrote in Ms. Henry's medical record on 8/28/2019 "EDUCATION PROVIDED" without further information.  Marie Souffrant, RN, failed to adequately document Ms. Henry's medical chart regarding this action.

90.     Third party defendant CFG Health Systems, LLC employees Keyonah Walker, LPN, Tracie Jean-Francois, LPN, Linda McGranahan, LPN, Mary Pinkrah, RN, Ayodele Akinola, LPN, Michelle Ashford, LPN, Maduka Ibeabuchi, LPN, and Jawanda Hobbs, LPN, failed to adequately document Ms. Henry's medical chart with regarding the alleged daily administration of Hydrochlorothiazide, Coreg and Topamax to Ms. Henry from August 22, 2019 through November 29, 2019.

91.     Third party defendants CFG Health Systems, LLC, Denise R. Rahaman, Executive Director of Corrections, and Lionel Anicette, MD, the Medical Director at ECCF, failed to train employees to perform adequate health screening on intake, to provide prescribed pain medication, to adequately note a patient's medical file, and the process for a patient's discharge.

92.     Third party defendants CFG Health Systems, LLC, Denise R. Rahaman, Executive Director of Corrections, and Lionel Anicette, MD, the Medical Director at ECCF, failed to train employees to perform adequate health screening on intake, to provide prescribed pain medication, to adequately note a patient's medical file, and the process for a patient's discharge.

93.     Defendants Margaret E. Thompson, Douglas Long, Denise Wood, and Jan Lamper failed to train Timothy Riegle and staff the process to review name, date of birth, FBI number,  physical descriptions, fingerprint cards prior to issuing a warrant for arrest and detention of an individual.  The proximate and direct result of the constitutional injury to Ms. Henry is defendants' individual policies which fail to establish adequate and efficient procedures to determine the true identity of arrestees and detainees, and failure by defendants Betti, Winter, Lynn, and third party defendants CFG Health Systems, LLC to perform adequate health screening on intake and to provide prescribed pain medication.

94.     The proximate and direct result of the constitutional injury to Ms. Henry is defendants' failure to train and supervise employees, officers, agents, and servants with respect to the correct protocol to determine the true identify of arrestees and detainees, and failure by defendants Betti, Winter, Lynn, and third party defendants CFG Health Systems, LLC to perform adequate health screening on intake and to provide prescribed pain medication.

95.     Defendants individual policies that fail to establish adequate and efficient procedures to determine the true identity of arrestees and detainees as well as the failure of defendants to train and supervise employees, officers, agents, and servants with respect to the correct protocol to determine the true identify of arrestees and detainees, along with the failure of defendants and third party defendant CFG Health Systems, LLC's failure to perform adequate health screening on intake and refusal to provide prescribed pain medication amount to a deliberate indifference to Ms. Henry's constitutional right to be free from an unlawful seizure and detention in the State of New Jersey and other sister states such as Pennsylvania and the right to adequate medical care and liberty.

96.     Defendants and third party defendant CFG Health Systems, LLC's individual polices and lack of adequate training reflect a deliberate indifference to Ms. Henry's constitutional rights and create situations where arrestees and detainees such as Ms. Henry continue to be subjected to false arrest, false imprisonment, and inadequate medical care.

WHEREFORE, plaintiff demands judgment against defendants for nominal, compensatory and punitive damages, interest, counsel fees, costs of suit, and such other relief as the Court deems equitable and just.

### FIFTH COUNT
**Fourteenth Amendment Due Process Violation**
**42 U.S.C. §1983**

97.     Plaintiff repeats the allegations of the preceding paragraphs in their entirety as if set forth at length herein.

98.     Defendant Essex County Sheriff Officer and US Marshals Service Federal Task Force Officer Leonard Jackson, defendant Detective Diane Munoz, defendant Sheriff Officer Joseph Denequolo, defendant Janice Guy, defendant Captain Gary Nash,  Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn, defendants Jerry Sanseverino, Deputy U.S. Marshal Anthony Rossi, and Assistant Chief Deputy U.S. Marshal Pedro Alvarez, and investigatory Gary Duncan failed to take Ms. Henry before a judge after her arrest and detention in Newark, and prior to her being transported to Pennsylvania.

99.     Defendants Margaret E. Thompson, Jan Lamper, Denise Woods, and Timothy B. Riegle failed to commence procedures to have Ms. Henry appear before a judge or judicial officer as soon as possible upon her detention at State Correction Institution at Muncy.

100.     Also, Ms. Henry was diagnosed with high blood pressure and her condition required the treatment of a physician by means of the prescription of three separate medications to remedy the effects of the condition.

101.     Defendant Essex County did not have a procedure in place for individuals who report incidents such as mistaken identity to an Ombudsman or authority at Essex County Corrections Facility and require the matter to be investigated.

102.     While in the custody of defendants Essex County Correctional Facility, Ms. Henry advised defendant Essex County Correctional Facility and employees of CFG Health Systems, LLC, of her need for medication to manage her high blood pressure.

103.     Without explanation, third party defendant CFG Health Systems, LLC employee Saladin Abdu Nafi, MD removed the medication Ibuprofen 800 mg from Ms. Henry's medical chart on August 22, 2019.  Subsequently thereafter third party defendant CFG Health Systems, LLC, employee Marie Souffrant, RN noted in Ms. Henry's medical records "Md to be made aware for ibuprofen order" and "Plan np Ojelade to be flagged for ibuprofen order."

104.     While detained at the State Correctional Institution at Muncy, Ms. Henry advised defendant Captain Savage, Kelli Winter, LPN, and Kristin Zierle Lynn, RN, and other employees at the State Correctional Institution at Muncy of her need for medication to manage her high blood pressure.

105.     Defendants' Kelli Winter LPN and Kristin Zierle Lynn, RN failed to provide Ms. Henry with adequate medical care in violation of the Fourteenth Amendment when defendants willfully demonstrated a deliberate indifference to Ms. Henry's requests for medication to manage her high blood pressure while at Muncy.

106.    Defendants Kelli Winter LPN and Kristin Zierle, Lynn, RN, failed to provide Ms. Henry with adequate medical care to manage her high blood pressure which resulted in Ms. Henry experiencing increased anxiety, headaches and shortness of breath.

WHEREFORE, plaintiff demands judgment against defendants for nominal, compensatory and punitive damages, interest, counsel fees, costs of suit, and such other relief as the Court deems equitable and just.

### SIXTH COUNT
### 42 U.S.C. §1983 Conspiracy

107.    Plaintiff repeats the allegations of the preceding paragraphs in their entirety as if set forth at length herein.

108.    Ms. Henry was unlawfully arrested and detained by defendants, Essex County Sheriff Detective and US Marshals Service Federal Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn, Essex County Sheriff Officer Janice Guy, Essex County Detective Diane Munoz, and Essex County Sheriff Officer Joseph Denequolo, in violation of her rights pursuant to the fourth, and fourteenth amendment.

109.    Defendants Essex County Sheriff Detective and US Marshals Service

110.    Federal Task Force Officer Leonard Jackson, Detective Diane Munoz, Sheriff Officer Joseph Denequolo, Janice Guy,  Captain Gary Nash,  Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn, Essex County Detective Diane Munoz, and Essex County Sheriff Officer Joseph Denequolo, and Narvin Singh, Defendants Jerry Sanseverino, Deputy U.S. Marshal Anthony Rossi, and Assistant, Chief Deputy U.S. Marshal Pedro Alvarez, and investigatory Gary Duncan conspired to deprive Ms. Judith Henry of her

right to due process by means of an unlawful arrest, detention, and transport to the State of Pennsylvania with the intent to permanently deprive Ms. Henry of her liberty.

111.     Defendant Captain Savage, defendant Lieutenant Beckley, defendant Margaret E. Thompson, defendant Jan Lamper, defendant Denise Woods, Timothy B. Riegle conspired to deprive Ms. Judith Henry of her right to due process by means of an unlawful arrest, detention, and transport to the State of Pennsylvania with the intent to permanently deprive Ms. Henry of her liberty.

112.      Defendants Betti, Winter, Lynn, and third party defendants CFG Health Systems, LLC and its employees Tanasa Blackshear, Christiana Olagunju, Dr. SaladinS Abdu Nafi, Cynthia Richardson, Henrietta Kwablah, Happiness Ahamefulem Marie Souffrant conspired to deprive Ms. Judith Henry of her right to be free from punishment and inadequate conditions of confinement, which includes inadequate medical care, pursuant to the substantive due process clause of the Fourteenth Amendment.

113.     Defendant Lackawanna County Prison and its employees Timothy Matthew Betti, Lieutenant Jay Ruane, Corrections Officer Kate DiPietro, Lauren Bieber, and Amy Lauria conspired to deprive Ms. Judith Henry of her right to due process by means of an unlawful arrest, detention, and to transport Ms. Henry through the State of Pennsylvania to the State Correction Institution at Muncy with the intent to permanently deprive Ms. Henry of her liberty.

114.     Defendants Margaret E. Thompson, Jan Lamper, defendant Denise Wood, defendant Douglas Long , defendant Timothy B. Riegle Captain Savage, Lieutenant Beckley, Elizabeth Cooper conspired to deprive Ms. Judith Henry of her right to due process by means of

an unlawful arrest and detention at State Correction Institution at Muncy with the intent to permanently deprive Ms. Henry of her liberty.

WHEREFORE, plaintiff demands judgment against defendants for nominal, compensatory and punitive damages, interest, counsel fees, costs of suit, and such other relief as the Court deems equitable and just.

## SEVENTH COUNT
### 42 U.S.C. §1985 Conspiracy

115.    Plaintiff repeats the allegations of the preceding paragraphs in their entirety as if set forth at length herein.

116.    Defendants Essex County Sheriff Detective and US Marshals Service Federal

117.    Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn, Essex County Sheriff Officer Janice Guy, Essex County Detective Diane Munoz, and Essex County Sheriff Officer Joseph Denequolo, Captain Gary Nash, and Narvin Singh, Defendants Jerry Sanseverino, Deputy U.S. Marshal Anthony Rossi, and Assistant Chief Deputy U.S. Marshal Pedro Alvarez, and investigatory Gary Duncan conspired to deprive Ms. Judith Henry of equal protection under the law by means of an unlawful arrest, detention, and transport to the State of Pennsylvania whereby Ms. Henry was injured because she was subjected to repeated unlawful arrests and loss of liberty.

118.    Defendant Captain Savage, defendant Lieutenant Beckley, defendant Elizabeth Cooper, Defendant Margaret E. Thompson, defendant Jan Lamper, defendant Denise Woods, and defendant Timothy B. Riegle conspired to deprive Ms. Judith Henry of equal protection under the law by means of an unlawful arrest, detention, and transport to the State of Pennsylvania whereby Ms. Henry was injured because she was subjected to repeated unlawful arrests and loss of liberty.

119.    Third party defendants CFG Health Systems, LLC and its employees Tanasa Blackshear, Christiana Olagunju, Dr. SaladinS Abdu Nafi, Cynthia Richardson, Henrietta Kwablah, Happiness Ahamefulem Marie Souffrant conspired to deprive Ms. Judith Henry of equal protection under the law by means of depriving her of her right to be free from punishment and inadequate conditions of confinement, failure to perform adequate health screenings on intake, and refusal to provide prescribed pain medication whereby Ms. Henry was injured because she was endured physical pain, mental anguish, loss of liberty, and her right to be free from punishment and inadequate conditions of confinement, which includes inadequate medical care, pursuant to the substantive due process clause of the Fourteenth Amendment.

120.    Defendant Lackawanna County Prison and its employees defendants Timothy Matthew Betti, Lieutenant Jay Ruane, Corrections Officer Kate DiPietro, Lauren Bieber, and Amy Lauria conspired to deprive Ms. Judith Henry of equal protection under by law by means of denying Ms. Henry of her right to due process, and by means of subjecting her to an unlawful arrest, detention, and transport through the State of Pennsylvania to the State Correction Institution at Muncy with the intent to permanently deprive Ms. Henry of her liberty.

WHEREFORE, plaintiff demands judgment against defendants for nominal, compensatory and punitive damages, interest, counsel fees, costs of suit, and such other relief as the Court deems equitable and just.

**EIGHTH COUNT**
**New Jersey Civil Rights Act**
**N.J.S.A. 10:6-2 et seq.**

121.    Plaintiff repeats the allegations of the preceding paragraphs in their entirety as if set forth at length herein.

122.    The New Jersey Civil Rights Act states:

"Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief." N.J.S.A. 10:6-2(C).

123.    Defendants Essex County Sheriff Detective and US Marshals Service Federal Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn, defendant Essex County Sheriff Officer Janice Guy, defendant Essex County Detective Diane Munoz, and defendant Essex County Sheriff Officer Joseph Denequolo, Captain Gary Nash, Narvin Singh, and Mrs. Martinez, Margaret E. Thompson, Jan Lamper, defendant Denise Wood, defendant Doug Long, defendant Timothy B. Riegle Captain Savage, Lieutenant Beckley, Elizabeth Cooper, Defendants Jerry Sanseverino, Deputy U.S. Marshal Anthony Rossi, and Assistant Chief Deputy U.S. Marshal Pedro Alvarez, and investigatory Gary Duncan in their official and individual capacities are liable to Ms. Judith Henry under N.J.S.A. 10:6-2(c), the New Jersey Civil Rights Act, because Ms. Henry was deprived of substantive due process, and privileges and immunities secured to her by the Constitution and laws of the State of New Jersey and the Constitution and laws of the United States.

124.    Defendants Essex County Sheriff Detective and US Marshals Service Federal

Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn, Essex County Sheriff Officer Janice Guy, Essex County Detective Diane Munoz, and Essex County Sheriff Officer Joseph Denequolo, Narvin Singh, Defendants Jerry Sanseverino, Deputy U.S. Marshal Anthony Rossi, and Assistant Chief Deputy U.S. Marshal Pedro Alvarez, and investigatory Gary Duncan and Mrs. Martinez, interfered with Ms. Henry's exercise and enjoyment of her substantive rights and privileges and immunities by violating her constitutional rights, including but not limited to her right to due process, unlawful restraint, and liberty.

125.     Because of the actions of Defendant Essex County Sheriff Detective and US Marshals Service Federal Task Force Officer Leonard Jackson, Newark Police and US Marshals Service Federal Task Force Officer Euletia Lynn, Essex County Sheriff Officer Janice Guy, Essex County Detective Diane Munoz, and Essex County Sheriff Officer Joseph Denequolo, Narvin Singh, Mrs. Martinez and Hapiness C. Llechukwu,  Defendant Lackawanna County Prison, Defendant Timothy Matthew Betti, and defendant Lackawanna County Prison employees, Defendant Jan Lamper, defendant Denise Wood, defendant Doug Long , defendant Timothy B. Riegle Captain Savage, Lieutenant Beckley, Elizabeth Cooper, Defendants Jerry Sanseverino, Deputy U.S. Marshal Anthony Rossi, and Assistant Chief Deputy U.S. Marshal Pedro Alvarez, and investigatory Gary Duncan, Ms. Henry has been deprived of her right to equal protection and due process of law protected by Article I, Paragraph 1 of the New Jersey Constitution, which provides that "[a]ll persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness."

126.    As a result, Ms. Judith Henry sustained injuries and damages such as mental anguish, anxiety, headaches, shortness of breath, post-traumatic stress, emotional distress, humiliation, deprivation of liberty, loss of reputation, and loss of her good name as a result of being unlawfully arrested and incarcerated.

WHEREFORE, plaintiff demands judgment against defendants for nominal, compensatory and punitive damages, interest, counsel fees, costs of suit, and such other relief as the Court deems equitable and just.


## LOCAL CIVIL RULE 11.2 CERTIFICATION

The matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. I certify under penalty of perjury that the foregoing is true and correct.


## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable.


                        LAW OFFICES OF TISHA ADAMS, LLC


                        By:    _____/s/ TISHA N. ADAMS, ESQ.____
                               TISHA N. ADAMS, ESQ.
                               Attorney for Plaintiff

Dated: December 11, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Tisha N. Adams, Esq., hereby certify that the Third Amended Complaint has been filed electronically on December 11, 2021, and that it has been served on all counsel of record by means of the Court's Electronic Case Filing system.

                                LAW OFFICES OF TISHA ADAMS, LLC


                                By:    ____/s/ TISHA N. ADAMS, ESQ.____
                                       TISHA N. ADAMS, ESQ.
                                       Attorney for Plaintiff

Dated: December 11, 2021

35