**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDITH HENRY,<br><br>*Plaintiff*,<br><br>v.<br><br>ESSEX COUNTY, DETECTIVE LEONARD JACKSON, in his individual and official capacity, DETECTIVE DIANE MUNOZ, in her individual and official capacity, SHERIFF OFFICER JOSEPH DENEQUOLO, in his individual and official capacity, SHERIFF OFFICER JANICE GUY, in her individual and official capacity, SHERIFF OFFICER NAIMAH MARROW, in his individual and official capacity, SHERIFF OFFICER JEREMY PEREZ, in his individual and official capacity, CAPTAIN GARY NASH, in his individual and official capacity, WARDEN TIMOTHY MATTHEW BETTI, in his individual and official capacity, LIEUTENANT JAY RUANE, in his individual and official capacity, OFFICER KATE DIPIETRO, in her individual and official capacity, OFFICER GARY LOKE, in his individual and official capacity, AMY LAURIA, in her individual and official capacity, LAUREN BIEBER, in her individual and official capacity, LACKAWANNA COUNTY PRISON, CAPTAIN SAVAGE, in his individual and official capacity, LIEUTENANT BECKLEY, in her individual and official capacity, DENISE WOOD, in her individual and official capacity, JAN LAMPER, in her individual and official capacity, TIMOTHY B. RIEGLE, in his individual and official capacity, DOUGLAS LONG, in his individual and official capacity, ELIZABETH COOPER, in her individual and official capacity, KELLI WINTER, LPN in her | Civil No.: 20-11159 (KSH) (CLW)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**OPINION** |

1

| | |
|---|---|
| individual and official capacity, KRISTIN ZIERLE LYNN, RN, in her individual and official capacity, MARGARET E. THOMPSON, in her individual and official capacity, OFFICER EULETIA LYNN, in her individual and official capacity, INVESTIGATOR GARY DUNCAN, in his individual and official capacity, SUPERVISORY DEPUTY: JERRY SANSERINO, in his individual and official capacity, DEPUTY ANTHONY ROSSI, in his individual and official capacity, ASSISTANT CHIEF DEPUTY PEDRO ALVAREZ, in his individual and official capacity, DENISE R. RAHAMAN, in her individual and official capacity, DR. SALADIN ABDU NAFI, in his individual and official capacity, JAMES NEAL, MD, in his individual and official capacity, and LIONEL ANICETTE, MD, in his individual and official capacity, | |
| *Defendants*. | |
| and | |
| COUNTY OF ESSEX, | |
| *Defendant/Third Party Plaintiff,* | |
| v. | |
| CFG HEALTH SYSTEMS, LLC and John Doe Doctors, John Doe Nurses and John Doe Employees, | |
| *Third Party Defendants.* | |

**Katharine S. Hayden, U.S.D.J.**

### I. Introduction

This matter comes before the Court on the motion (D.E. 86) of defendants Denise R. Rahaman, Dr. Saladin Abdu Nafi, James Neal M.D., and Lionel Anicette M.D. (the "CFG

2

defendants") seeking reconsideration of the Court's April 29, 2022 order denying their motion to dismiss and/or for summary judgment (D.E. 48) and their accompanying motion for sanctions (D.E. 74). For the reasons set forth below, the motion is denied.

## II.     Background

This case arises from the alleged unlawful arrest and detention of plaintiff Judith Henry ("Henry"), who was mistaken for a woman wanted in Pennsylvania. The third amended complaint (D.E. 46, TAC)[1] alleges that on August 22, 2019, at approximately 7:00 a.m., federal and local officers entered Henry's home with guns drawn, arrested her, and placed her in the back of a police car. (Compl. ¶¶ 19-20.) She remained in custody—first at Essex County Correctional Facility in New Jersey, and then at Lackawanna County Prison and SCI-Muncy, both in Pennsylvania—until her release on September 5, 2019. (*Id.* ¶¶ 20, 32-33, 38.)

On August 22, 2020, Henry filed an eight-count complaint against defendants Essex County, Lackawanna County Prison, the Pennsylvania Department of Corrections, and SCI-Muncy asserting claims for: (i) abuse of process; (ii) false arrest and false imprisonment in violation of the New Jersey Tort Claims Act, the New Jersey Civil Rights Act, and 42 U.S.C. § 1983; (iii) intentional infliction of emotional distress in violation of 42 U.S.C. § 1983; (iv) failure to supervise and train in violation of 42 U.S.C. § 1983; (v) fourteenth amendment due process violations; (vi) conspiracy in violation of 42 U.S.C. § 1983; (vii) conspiracy in violation of 42 U.S.C. § 1985; and (viii) violations of the New Jersey Civil Rights Act. (D.E. 1.) Relevant to the instant motion are Henry's due process allegations, which were premised in part on defendants' failure to provide her with adequate medical care while in custody. (*See id.* ¶¶ 46-49.) When defendant Essex County answered the complaint on October 19, 2020, it filed a third-

---

[1] Though titled the "third amended complaint," it is Henry's second amended pleading.

3

party complaint against CFG Health Systems ("CFG"), the company contracted to handle medical services at Essex County Correctional Facility, seeking "defense and indemnification for any claim against the County of Essex for medical care" on the dates Henry was in custody. (D.E. 4, Third Party Compl. ¶ 5.)

Over the next year Henry twice amended the complaint, first on May 23, 2021 and again on December 11, 2021 when she filed the operative third amended complaint, which added the CFG defendants and asserted claims against them in both their individual and official capacities.[2] (D.E. 24, 46.) On January 25, 2022, the CFG defendants moved to dismiss and/or for summary judgment on statute of limitations grounds, arguing that they were added as named defendants well after the two-year statute of limitations expired. (D.E. 48.) They also sought sanctions on grounds that Henry's failure to add them sooner constituted "frivolous litigation." (D.E. 74.)

The Court held oral argument on April 28, 2022 and denied the motions on the record.[3] (D.E. 82; *see also* D.E. 81 (written order memorializing denial of motions "for the reasons set forth on the record" during oral argument).) The CFG defendants seek reconsideration of that ruling, and Henry has opposed.[4] (D.E. 86, 93.)

---

[2] According to the third amended complaint, Neal is CFG's Statewide Medical Director, Rahaman is its Executive Director of Corrections, and Anicette is the Medical Director at Essex County Correctional Facility. (TAC ¶ 29.) Nafi's title is not specified, though he appears to be a former-CFG physician. (*Id.* ¶ 16; *see* D.E. 5 at Aff. Def. 15.)

[3] The Court also denied two similar motions filed by individual Essex County and Lackawanna defendants. (*See* D.E. 50, 52.) Those defendants have not moved for reconsideration.

[4] Henry also cross-moved for sanctions, which the Court denied as premature. (D.E. 96.)

4

### III. Discussion

#### a. Standard of Review

Motions for reconsideration are governed by L. Civ. R. 7.1(i), which allows a party to seek reconsideration where it believes the Court has overlooked information or controlling law. "The standard for reargument is high and reconsideration is to be granted only sparingly." *Onishi v. Chapleau*, 2022 WL 980620, at *2 (D.N.J. Mar. 31, 2022) (Neals, J.). Accordingly, a motion for reconsideration may only succeed if the movant demonstrates "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled on] the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

#### b. Analysis

The CFG defendants' motion for reconsideration makes two discrete arguments: (i) the Court erred in its analysis of the New Jersey fictitious party rule and the relation back doctrine; and (ii) it did not give due weight to Henry's procedural shortcomings—namely, her failure to file a responsive statement of undisputed material facts and to timely oppose the CFG defendants' sanctions motion. Neither warrants the relief of reconsideration.

Beginning with the former argument, the CFG defendants contend that "[t]he Court erred in sustaining the claims asserted against [them]" as neither the New Jersey fictitious party rule nor the relation back doctrine tolls the statute of limitations. (D.E. 86-14, Mov. Br. at 5, 7-13.) In support, they reiterate the arguments and case law raised in their original briefing—in fact, significant portions of their reconsideration brief appear to have been copied-and-pasted from

their motion to dismiss/summary judgment brief. (Compare D.E. 48-3, Orig. Mov. Br. at 8-10 with Mov. Br. at 10-13.) As the CFG defendants know, a motion for reconsideration is not an appropriate vehicle to express disagreement with the Court's interpretation of the case law or the record. *See Leja v. Schmidt Mfg.*, 2008 WL 1995140, at *3 (D.N.J. May 6, 2008) (Debevoise, J.) (a motion for reconsideration "may not be used to ask the Court to rethink what it had already thought through—rightly or wrongly" (internal citations and quotations omitted)). While the CFG defendants may disagree with the Court's ruling, "mere disagreement" with the Court's "reasoning and distillation of the applicable law and facts" does not warrant reconsideration. *Jones v. Sanko*, 2016 WL 819618, at *3 (D.N.J. Mar. 2, 2016) (Simandle, J.).

The CFG defendants next argue that the Court should have considered Henry's failure to timely oppose their motion for sanctions. (Mov. Br. at 5.) However, the Court was well aware of Henry's untimeliness when it denied the motion. To the extent the CFG defendants argue that the Court should have construed the motion as unopposed, that is not a valid basis for reconsideration because "unopposed motions do not translate into the automatic granting of relief." *Fisher v. Stafford Twp. Bd. of Educ.*, 2006 WL 2534399, at *2 (D.N.J. Aug. 31, 2006) (Wolfson, J.).

Finally, the CFG defendants argue that reconsideration is warranted because Henry "failed to respond to the undisputed statement of material facts in support of summary judgment" in violation of L. Civ. R. 56.1. (Mov. Br. at 5.) As a glaring initial matter, the CFG defendants' motion for summary judgment was filed without leave of court, in violation of the civil case management order and joint discovery plan entered in this matter. Second, they have not provided any authority to support the proposition that Henry's purported noncompliance with L. Civ. R. 56.1 warrants the extraordinary relief of reconsideration. Finally, the CFG defendants

6

already raised this argument in reply to their original motion (*see* D.E. 69, Orig. Reply Br. at 1 n.1), which only reinforces the Court's conclusion that reconsideration on this basis is unwarranted. *See Buchanan v. Ingram Content Grp.*, 2022 WL 3025929, at *2 (D.N.J. Aug. 1, 2022) (Vazquez, J.) ("[A] motion for reconsideration does not entitle a party to a second bite at the apple.").

### IV. Conclusion

The CFG defendants have failed to demonstrate a basis to invoke the extraordinary relief of reconsideration, and their motion (D.E. 86) is therefore denied. An appropriate order will issue.

Date: October 5, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.